UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TYRONE HILL,

           Petitioner,           Case No. 1:14-cv-405

v.                                                     Honorable Robert Holmes Bell

SHERRY BURT,

           Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.  Factual Allegations

Petitioner Tyrone Hill is a state prisoner incarcerated at the Muskegon Correctional Facility. Following a jury trial in Ingham County Circuit Court, Petitioner was convicted of first-degree criminal sexual conduct with a person under the age of 13, Mich. Comp. Laws § 750.520b(1)(a). On April 19, 2000, he was sentenced to a 40 to 60 year term of imprisonment. Petitioner appealed the judgment of conviction and sentence to the Michigan Court of Appeals, which denied his appeal and affirmed the trial court's judgment on March 22, 2002. Petitioner did not pursue an appeal to the Michigan Supreme Court.

On April 13, 2006, Petitioner filed a motion for relief from judgment in state court pursuant to subchapter 6.500 of the Michigan Court Rules. After an evidentiary hearing, the motion was denied on July 27, 2012. Petitioner appealed that decision to the Michigan Court of Appeals and the Michigan Supreme Court, which denied leave to appeal on January 3 and July 30, 2013, respectively.

Petitioner filed the instant action on or about March 28, 2014.[1] In his amended petition, he asserts the following grounds for relief:

I.  Petitioner was deprived of his due process right to a fair trial where the trial court allowed the state to introduce evidence of a photographic "showup" and a "corporal lineup" which were unduly suggestive.

II.  The trial court violated Petitioner's due process rights by admitting evidence of other alleged acts of criminal sexual conduct.

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner did not sign and date his original application, but it was received by the Court on March 28, 2014. It must have been handed to prison officials for mailing at some time prior to that date, but the Court lacks evidence of a mailing date. For purposes of this Report and Recommendation, I will assume that March 28, 2014 is the applicable filing date.

III. Petitioner was denied his right to a fair trial due to the ineffective assistance of counsel where counsel failed to take adequate safeguards against an unduly suggestive "corporal lineup."

IV. The trial court abused its discretion in sentencing Petitioner outside the guidelines.

V. Petitioner was denied the effective assistance of appellate counsel when she failed to file an application for leave to appeal in the Michigan Supreme Court.

VI. Petitioner was denied a fair trial with an impartial jury due to the ex parte visit of a police officer and the prosecutors to the jury room during jury deliberations.

VII. Petitioner was deprived of the right to a jury trial with respect to all elements of the offense.

VIII. The trial court deprived Petitioner of notice and an opportunity to be heard at a fair hearing.

IX. Petitioner was deprived of the effective assistance of counsel where counsel was absent during a critical stage of the proceedings.

X. Petitioner was deprived of the right to counsel during an identification lineup.

XI. Petitioner's Sixth Amendment right to be present at every stage of his trial was violated.

XII. Petitioner's Sixth Amendment rights and right to discovery were violated when the prosecution had contact with the jurors and potential witnesses during a judicial investigation of jury-tampering.

XIII. Petitioner's right to due process and to trial by jury were violated when his sentence was increased based on facts not presented to the jury or proven beyond a reasonable doubt.

XIV. Petitioner was denied the effective assistance of counsel when counsel refused to tell Petitioner at the start of trial what the prosecution had offered for a plea bargain.

(See Am. Pet., docket #8, Page ID##112, 113, 115, 116, 119-22.)

II.    Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to Petitioner's application, he appealed his conviction to the Michigan Court of Appeals, but did not appeal it further. The one-year limitations period in § 2244(d)(1)(A) did not begin to run until the time for filing an appeal in the Michigan Supreme Court expired. Where a petitioner has failed to pursue an avenue of appellate

review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*") (emphasis added). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires). Under Michigan law, Petitioner had 56 days in which to apply for leave to appeal to the Michigan Supreme Court. *See* MICH. CT. R. 7.302(C)(2). Accordingly, Petitioner's conviction became final, and the limitations period started to run, on May 17, 2002. Obviously, he filed more than one year after that date.

Alternatively, § 2244(d)(1)(D) provides that the statute of limitations starts to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* Petitioner has the burden of persuading the Court that he has exercised due diligence in his search for the factual predicate of his claim. *Stokes v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002) (citing *Lott v. Coyle*, 261 F.3d 594, 605-06 (6th Cir. 2001)). Petitioner presents two claims that might fall under this provision. In Ground V of the petition, Petitioner claims that appellate counsel deprived him of effective assistance when she failed to appeal his judgment of conviction and sentence to the Michigan Supreme Court. (*See* Am. Pet., docket #8, Page ID#119.) In his supporting materials, Petitioner asserts that his attorney told him in June 2002 that she had filed an appeal on his behalf, and that it would take approximately 12 to

18 months for the Michigan Supreme Court to issue a decision. (*See* docket #8-1, Page ID##207-08.) In February/March 2004, Petitioner discovered that no such appeal had been filed. Thus, it appears that Petitioner did not discover the factual predicate for this ineffective-assistance claim until as late as March 2004. For purposes of this Report and Recommendation, I will assume that Petitioner could not have discovered the factual basis for this claim through the exercise of due diligence until March 2004.

In addition, in Ground VI of the petition, Petitioner asserts that he was deprived of a fair trial because a police officer and one of the prosecutors in his case spoke to the jurors in the jury room, outside the presence of the judge or Petitioner. (*See* Am. Pet., docket #8, Page ID#119.) According to the brief that Petitioner submitted in support of his motion for relief from judgment, Petitioner's wife and aunt visited him in prison in "[m]id-June 2002," after his appeal was denied, and told him that they had observed the prosecutor and detective speaking to the jurors. (*See* docket#8-1, Page ID#198.) For purposes of this Report and Recommendation, I will assume that Petitioner could not have discovered the factual basis for this claim through the exercise of due diligence until June 2002.[2]

Under § 2244(d)(1), the latest of the applicable dates controls, but the Sixth Circuit has held that the statute of limitations applies on a claim-by-claim basis. *See Bachman v. Bagley*, 487 F.3d 979, 984-85 (6th Cir. 2007); *accord Zack v. Tucker*, 704 F.3d 917, 926 (11th Cir. 2013).

---

[2] Petitioner has attached affidavits from his mother and aunt in support of his claim. Although the affidavits were signed and dated in 2006, the relevant date for purposes of § 2244(d)(1)(D) is the date that Petitioner could have discovered the factual basis for his claim, not the date that he obtained evidence to support it. *See Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x 605, 611 (6th Cir. 2013); *see also Townsend v. Lafler*, 99 F. App'x 606, 608 (6th Cir. 2004) ("The question under the provision is not when prisoners first learned of the new evidence; it is when they should have learned of the new evidence had they exercised reasonable care."). Petitioner actually discovered the factual basis for his claim in June 2002; thus, for purposes of calculating the statute of limitations, it does not matter that the affidavits were obtained by him at a later date.

Thus, even if Petitioner can obtain the benefit of a later date under § 2244(d)(1)(D) for Grounds V and VI of the petition, the timeliness of the other claims depends on the date that his judgment became final under § 2244(d)(1)(A). For present purposes, it does not matter which of the foregoing dates (May 2002, June 2002 or March 2004) the Court uses, because Petitioner's claims are untimely even if the Court uses the latest of them, March 2004, as the relevant date for starting the one-year limitations period. Obviously, Petitioner filed more than one year after that date. Consequently, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled by statute when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner filed a motion for relief from judgment in state court on April 13, 2006. That motion did not toll the statute of limitations, however, because the statute of limitations had already expired by March 2005, long before he filed the motion. The tolling provision does not "revive" the limitations period (*i.e.*, restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period has expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Consequently, because Petitioner's one-year period

expired no later than March 2005, his collateral motion filed in April 2006 did not serve to toll the limitations period.

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). Petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Petitioner offers no explanation for the delay in pursuing his claims via state or

federal processes.  He does not explain, for instance, why he needed four years to obtain affidavits from his family to support a motion for relief from judgment in state court.  Nor does he explain why he waited approximately nine months to file his petition after the Michigan Supreme Court ruled on his motion for relief from judgment.  In short, Petitioner has not demonstrated that he is entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception.  In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)).  Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence.  *Id.* at 1936.

In the instant case, although Petitioner recites the legal standard for actual innocence, he proffers no new evidence of his innocence, let alone evidence that makes it more likely than not that no reasonable jury would have convicted him.  *See Schlup*, 513 U.S. at 329.  Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).  His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This Report and Recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Date:  August 8, 2014                                 /s/ Phillip J. Green
                                                      PHILLIP J. GREEN
                                                      United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).