UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE HILL,

    Petitioner,

v.

SHERRY BURT,

    Respondent.
_____/

File No. 1:14-CV-405

HON. ROBERT HOLMES BELL

**OPINION**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254 involving Petitioner's conviction of first-degree criminal sexual conduct. The matter was referred to Magistrate Judge Phillip J. Green, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition as time-barred. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Final Order. *See* Rules Governing § 2254 Cases, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

"[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*; 28 U.S.C. § 636(b)(1).

Petitioner's often illegible objections are general in nature and do not satisfy the requirement that an objection be filed. In several sections, Petitioner quotes the R&R at length and then states generally that he objects. Petitioner then reiterates the arguments he made before the Magistrate Judge. Petitioner has failed to identify for the Court those issues that are dispositive and contentious. Further, and most fatal to his claim, Petitioner has failed to point out any authority that would contradict the Magistrate Judge's conclusion that Petitioner's claims are time-barred.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* Rules Governing § 2254 Cases, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466–67 (6th Cir. 2001).

Where, as here, the petition is rejected on procedural grounds without reaching the merits of the underlying claims, the Court should issue a certificate of appealability if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. However, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further ." *Slack*, 529 U.S. at 484. Upon review, the Court finds that reasonable jurists would not find the Court's procedural ruling debatable. A certificate of appealability will therefore be denied.

The Court will issue an Order and Judgment consistent with this Opinion.

Dated: <u>September 2, 2014</u>   /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE